1  Mark McKane, P.C. (SBN 230552)
   Michael P. Esser (SBN 268634)
2  KIRKLAND & ELLIS LLP
   555 California Street
3  San Francisco, CA  94104
   Telephone: (415) 439-1400
4  Facsimile: (415) 439-1500
   Email: mark.mckane@kirkland.com
5  Email: michael.esser@kirkland.com

6  David R. Seligman (Admitted *pro hac vice*)
   KIRKLAND & ELLIS LLP
7  300 North LaSalle
   Chicago, IL  60654
8  Telephone: (312) 862-2000
   Facsimile: (312) 862-2200
9  Email: david.seligman@kirkland.com

10 *Attorneys for Intervenor-Defendant Calpine Corporation*[1]

11               **UNITED STATES DISTRICT COURT**

             **NORTHERN DISTRICT OF CALIFORNIA**
12
                     **OAKLAND DIVISION**
13 In re                          │ USDC NDCA CASE NO. 4:19-cv-00599-HSG

14 PG&E CORPORATION; PACIFIC GAS   │ Adversary Proceeding No. 19-03003
   AND ELECTRIC COMPANY,
15                                 │ Chapter 11 Case Nos. 19-30088 & 19-30089
                    Debtors.
16 ─────────────────────────────── 

17 PG&E CORPORATION; PACIFIC GAS   │ **JOINT REPLY IN SUPPORT OF MOTIONS
   AND ELECTRIC COMPANY,          │ TO WITHDRAW THE REFERENCE**
18
                    Plaintiffs,    │    Hearing Date: May 16, 2019 at 2:00 p.m.[2]
19            vs.

20 FEDERAL ENERGY REGULATORY
   COMMISSION,
21                   Defendant.

22

23 ────────────────────

24 [1]   Pursuant to Rule 3-4(a)(1) of the *Local Rules for the United States District Court for the Northern District of California*, reference is made to the signature pages appended to this Reply for the full list of signatories.
25
26 [2]   Pursuant to Local Rule 5011-2, the Court may decide this matter without a hearing.  Further, the movants respectfully refer the Court to the expedition request in the parallel docket that concerns a substantially similar motion to withdraw the reference filed by the Federal Energy Regulatory
27         Commission ("FERC").  *See* Docket No. 17, *Notice of Pendency of Other Action or Proceeding* (Case No. 4:19-cv-00781-HSG).
28

The movants jointly file this reply in response to *The Debtors' Memorandum of Points and Authorities in Opposition to NextEra's Motion to Withdraw Reference of Adversary Proceeding* [Docket No. 14] ("Opp.") and in further support of *NextEra Energy's Motion to Withdraw Reference of Adversary Proceeding* [Docket No. 1-2] and *Joint Motion to Withdraw Reference* [Docket No. 6].

## PRELIMINARY STATEMENT

The Debtors stress that this Adversary Proceeding concerns three sections of the Bankruptcy Code and implicates the jurisdiction and power of bankruptcy courts. *See* Opp. at 1. While that is true, it is only half the story. In the Adversary Proceeding, the Debtors seek far-ranging and unprecedented relief that—by the Debtors' own framing—requires consideration of federal non-bankruptcy law.

Specifically, the Debtors seek to enjoin FERC (a federal agency that Congress charged with regulating interstate energy markets) from enforcing FERC's own orders and taking any action on the Debtors' FERC-regulated power contracts. To grant that consequential relief, the Bankruptcy Court would have to hold that its non-Article III jurisdiction is so absolute that it trumps the Federal Power Act ("FPA"), FERC's regulatory authority, ***and*** the exclusive appellate path set in the FPA for challenging a FERC order. Because resolving those inter-jurisdictional issues implicates substantial questions of bankruptcy and other federal law affecting interstate commerce, the reference must be withdrawn.

## ARGUMENT

### A.   Withdrawal is Mandatory Because Resolving the Adversary Proceeding Requires Substantial Consideration of Federal Non-Bankruptcy Law.

In this case, the Debtors have pitted authority Congress granted the Bankruptcy Court to administer the bankruptcy estate against authority Congress granted FERC to regulate interstate energy markets. Resolving that conflict requires interpretation of two federal statutes—the FPA and the Bankruptcy Code. As the Debtors themselves state in the *Request for Rehearing of Pacific Gas and Electric Company* ("Rehearing Request"), filed with FERC on February 25, 2019: "The Commission [in the FERC Order] has created an irreconcilable conflict between the Federal Power Act and the Bankruptcy Code." *Id.* at 9-10.[3] Accordingly, this Court ***must*** grant the motion because 28 U.S.C. § 157(d) "*mandates* withdrawal in

---

[3]   For ease of reference, the Movants submit certain papers referred to herein in the concurrently filed *Request for Judicial Notice in Support of Joint Reply in Support of Motion to Withdraw the Reference* ("Request for Judicial Notice"). *See* Request for Judicial Notice, Ex. A.

cases requiring material consideration of non-bankruptcy federal law." *See Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997) (affirming district court's order withdrawing reference).

Specifically, to grant the Debtors' proposed relief, a court must decide:

- whether the exclusive procedures in 16 U.S.C. § 825*l* for reviewing challenges to a FERC order apply to the Debtors;[4]

- if not, whether the Bankruptcy Court alone could approve contract rejections to the exclusion of FERC's concurrent jurisdiction to regulate the rates, terms, and conditions of wholesale power contracts under the FPA;[5] and

- whether the standard for rejecting contracts under section 365 of the Bankruptcy Code should embrace consideration of the public interest, as the FPA requires.[6]

Regardless of the conclusions a court may reach, it must interpret non-bankruptcy law to get there. That is apparent from the Debtors' own briefing and complaint. *See Debtors' Motion for Preliminary Injunction and Memorandum of Points and Authorities in Support* [Adv. Pro. Docket No. 2] (the "Injunction Motion") at 4:18 (stating that "FERC Action raises serious constitutional questions"), *id.* at 5:19-21 ("FERC may suggest that its interpretation of its own governing statute (the FPA) is entitled to deference under [the *Chevron* doctrine]. The Debtors disagree."), *id.* at 6:12-13 ("This Court should correct FERC's erroneously broad view of its own jurisdiction.").[7] It is also apparent from the categorical relief that the Debtors seek:  an order that "FERC ***does not have . . . any*** jurisdiction" over the Debtors'

---

[4]   *Cal. Save Our Streams Council, Inc. v. Yeutter*, 887 F.2d 908, 911 (9th Cir. 1989) ("By its express language, the Act provides exclusive jurisdiction for the Courts of Appeals to review and make substantive modifications to FERC licensing orders.").

[5]   *New York v. FERC*, 535 U.S. 1, 18-19 (2002) (stating that FPA gives FERC jurisdiction over "sale of electric energy at wholesale in interstate commerce") (quoting 16 U.S.C § 824(b)); *Miss. Power & Light Co. v. Moore*, 487 U.S. 354, 371 (1988) (acknowledging FERC's exclusive jurisdiction over terms and conditions of wholesale PPAs).

[6]   *In re Cajun Elec. Power Coop.*, 185 F.3d 446, 454 n.11 (5th Cir. 1999) (stating that FERC is "entrusted to safeguard the compelling public interest in the availability of electric service at reasonable rates" and "[t]hat public interest is no less compelling during the pendency of a bankruptcy proceeding than at other times").

[7]   *See* Request for Judicial Notice, Ex. B.

1  power purchase contracts.[8]  The Court should decline the Debtors' invitation to decide that jurisdictional
2  conflict without considering non-bankruptcy law.

3        Next, the Debtors' own words expose the flimsiness of their "federal defense" argument.  *See* Opp.
4  6-8.  The Debtors are reaching to liken this case to one where *defendants* interject non-bankruptcy law as
5  a defense.  The Debtors own complaint and Injunction Motion squarely place the intersection of the FPA
6  and Bankruptcy Code in dispute.  *See* Adv. Compl. ¶¶ 1-2 (stating correctly that FERC has issued order
7  that rejection requires approval from FERC; arguing that FERC erroneously interpreted the intersection
8  of the FPA and Bankruptcy Code); ¶¶ 32-34 (offering competing interpretations of the FPA and
9  Bankruptcy Code).

10        Because this case requires "interpretation, as opposed to mere application, of the non-title 11
11  statute," withdrawal is mandatory.  *See Green v. FDIC (In re Tamalpais Bancorp)*, 451 B.R. 6, 8-9 (N.D.
12  Cal. 2011) (granting withdrawal; collecting cases).  *See also In re Enron Corp.*, No. 04 CIV. 8177 (RCC),
13  2004 WL 2711101, at *4 (S.D.N.Y. Nov. 23, 2004) (withdrawing reference to "resolve the threshold
14  jurisdictional issues" that required "substantial and material consideration of federal law beyond Title 11
15  to determine, at the outset, whether the funds at issue fall within the FERC's exclusive jurisdiction"); *EPA
16  v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 134 B.R. 188 (N.D. Tex. 1991) (withdrawing reference
17  because unresolved issues concerned intersection of CERCLA and Bankruptcy Code).

18
19      **B.    The Debtors' Citations Ignore that Three Courts Withdrew the Reference in
               Substantially Similar Situations.**

20        Three courts have faced this issue in the context of motions to reject FERC-regulated contracts.
21  All three recognized the need to consider non-bankruptcy law and all three withdrew the reference.  *See*
22  *In re Calpine Corp.*, 337 B.R. 27, 31 (S.D.N.Y. 2006); *In re Mirant Corp.*, No. 4:03-cv-00944 (N.D. Tex.
23  Oct. 9, 2003) (E.C.F. No. 7); *In re Boston Generating, LLC*, 2010 WL 4616243, at *2 (S.D.N.Y Nov. 12,
24  2010).  The Debtors make *no* attempt to distinguish these cases.

25
26
27   ─────────────────
     [8]    *See* Request for Judicial Notice, Ex. C, *Debtors' Complaint for Declaratory Judgment and
28   Preliminary and Permanent Injunctive Relief* at ¶ 2 [Adv. Pro. Docket No. 1] (the "Adversary
     Complaint") (emphasis added).

1    The cases cited by the Debtors do not address the cross-jurisdictional issues that mandate

2    withdrawal here.  In *San Bernardino*, the city's firefighters moved to withdraw the reference because they

3    asserted a subset of their claims against the city under the Fair Labor Standards Act.  *In re City of San*

4    *Bernardino, California*, No. 5:15-cv-00815, 2015 WL 6957998, at *1 (C.D. Cal. Nov. 10, 2015).  The

5    district court denied the motion because the firefighters' federal claims were merely incidental to their

6    state law claims and the dispositive issue was the interpretation of the City Charter, not federal law.  *Id.*

7    at *3 ("If the bankruptcy court interprets the City's Charter in the Firefighters' favor, they will receive

8    substantially all of their requested relief under their state law causes of action without any need to address

9    issues of federal law.").  That is nothing like this case, where the core questions turn on the interplay

10   between two federal statutes and where even the Debtors argue that recent FERC Orders "raise[] serious

11   constitutional questions."  *See* Injunction Mot. at 4:18.

12   The Debtors' reliance on *In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 218 (C.D. Cal. 2014),

13   is similarly distinguishable.  There, the chapter 7 trustee of a holding company filed an adversary

14   proceeding against the FDIC in its capacity as receiver for a failed bank, seeking a judgment that certain

15   tax refunds belonged to the debtor's estate.  *Id.* at 212.  The FDIC moved to withdraw, arguing the court

16   needed to interpret the Financial Institutions, Reform, Recovery and Enforcement Act of 1989.  *Id.* at 215.

17   But the court found—consistent with a "clear weight of authority"—that the Bankruptcy Court could

18   resolve whether the tax refunds were assets of the estate because "the federal non-bankruptcy law cited

19   by the FDIC is either totally inapplicable to the adversary proceeding or can be applied without the need

20   for substantial and material interpretation that would necessitate mandatory withdrawal."  *Id.* at 222.

21   The Debtors' citation to *FirstEnergy* is closer, but it differs in two key respects.  First, those

22   withdrawal proceedings arose from a motion to reject specific contracts under section 365 of the

23   Bankruptcy Code.  *See Order* at 2, *Ohio Valley Energy Corp. v. FirstEnergy Solutions Corp.*, No. 5:18-

24   MC-34 (N.D. Ohio. Apr. 13, 2018), ECF No. 31.[9]  Here, the Debtors have not moved to reject any PPAs

25   and the Debtors' complaint raises more fundamental cross-jurisdictional issues.  Second, there was no

26   preexisting FERC order in *First Energy*.  *See In re FirstEnergy Sols. Corp.*, No. 18-50757, 2018 WL

27

28   [9]  *See* Request for Judicial Notice, Ex. D.

2315916, at *5 (Bankr. N.D. Ohio May 18, 2018) (describing extension of temporary restraining order against FERC from "addressing the substance or merits of the FERC Proceeding" that had been filed several days before bankruptcy petition date).[10]  As a result, a key component of the inter-jurisdictional conflict in this case—interpreting whether 16 U.S.C. § 825*l* applies—was missing.  And ultimately, the *First Energy* court stands alone.  *See In re Calpine Corp.*, 337 B.R. at 31; *In re Mirant Corp.*, No. 4:03-cv-00944 (N.D. Tex. Oct. 9, 2003) (E.C.F. No. 7); *In re Boston Generating, LLC*, 2010 WL 4616243, at *2.

Although *First Energy* is distinguishable, the bankruptcy court's preliminary injunction ruling (which is on direct appeal to the Sixth Circuit) shows that the court unquestionably interpreted federal non-bankruptcy law.  *See In re FirstEnergy Sols. Corp.*, 2018 WL 2315916, at *10 (questioning scope of Federal Power Act when "outside of bankruptcy court, FERC itself has the ability to completely abrogate such contracts (not only excusing performance but excusing liability for breach) for completely solvent entities"), *16 (concluding "The Filed Rate Doctrine, the Federal Power Act, and FERC's Regulatory Authority Are Not Offended by, and Do Not Preempt, the Bankruptcy Court's Exclusive Jurisdiction Over Motions to Reject Power Contracts and the Treatment of Counterparty Claims in Bankruptcy Cases.").

Finally, it bears repeating that PG&E successfully advocated for withdrawing the reference on the same inter-jurisdictional dispute in Calpine's bankruptcy.  *See Memorandum of Law in Support of Pacific Gas & Electric Company's Motion to Withdraw Reference as to Motion of the [Calpine] Debtors for Entry of an Order Authorizing Debtors to Reject Certain Energy Contracts*, *In re Calpine Corporation, et al.*, Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. Dec. 29, 2005), ECF No. 169 at 11 (PG&E arguing that district court should "withdraw the reference **to resolve the conflict between federal bankruptcy law** authorizing the rejection of executory contracts **and federal energy law** requiring FERC approval of termination or amendment of wholesale power agreements") (emphasis added).[11]

In response to the movants' judicial estoppel arguments, the Debtors do not deny the flip-flop (because they cannot).  They instead argue that this Court should not bar them from staking opposite

---

[10]   Indeed, unlike here, FERC took no position on withdrawal in that case.

[11]   *See* Request for Judicial Notice, Ex. E.

positions because a movant here (NextEra) was not a party to that earlier litigation. *See* Opp. at 9. That is irrelevant, and in any event, one of the parties to that earlier litigation—Calpine—is a full participant in the Adversary Proceeding and these withdrawal proceedings. Judicial estoppel, unlike issue and claim preclusion, does not require party identity for its application. "Judicial estoppel is about protecting the courts from manipulation, not protecting the interests of particular parties. Identity of the parties is not required." *Am. Transp. Grp. LLC v. Cal. Cartage Co., LLC*, 168 F. Supp. 3d 1074, 1081 (N.D. Ill. 2016).[12] More importantly, whether or not this Court applies judicial estoppel, PG&E's prior arguments in the same setting confirm that interpreting both federal bankruptcy and energy law is necessary here.

## C.   Permissive Withdrawal Would Facilitate Judicial Efficiency.

Even if this case could remain in the Bankruptcy Court (and it cannot), there is "cause" to withdraw it under 28 U.S.C. § 157(d). Doing so will avoid unnecessary cost and delay and facilitate the efficient administration of justice.

If the Bankruptcy Court decided the Adversary Proceeding, its legal conclusions and factual findings would be subject to de novo review. *See* 28 U.S.C. § 157(c). As a result, failing to withdraw the reference would lead to an appeal in which a district court is tasked with reviewing the same issues from scratch. In other words, there would be two proceedings, not one, and the issues would ultimately come before the district court. Further, no one disputes that there is a split in authority about a utility-debtor's ability to reject FERC-jurisdictional contracts in a bankruptcy. And like the *Mirant* and *First Energy* cases, this case is almost certainly heading for circuit-level review. As a result, judicial efficiency counsels that one court—the district court—should decide it first. *See Envisage Dev. Partners, LLC v. Patch of Land Lending, LLC*, No. 17-CV-03971-CRB, 2017 WL 4551575, at *4 (N.D. Cal. Oct. 11, 2017) (withdrawing reference because "judicial efficiency would be best served"); *In re Tamalpais Bancorp*, 451 B.R. at 11-12 (rejecting argument that withdrawing reference would lead to forum shopping "because

---

[12]   *Accord*, *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 360 (3d Cir. 1996) ("privity is not required for the application of judicial estoppel accords with the majority view"), *cited with approval, Toyo Tire & Rubber Co. v. H.K. Tri-Ace Tire Co.*, 281 F. Supp. 3d 967, 983 (C.D. Cal. 2017) ("Judicial estoppel looks to the connection between the litigant and the judicial system, not the relationship between the parties to the prior litigation.") (internal quotation marks omitted).

a district court will ultimately need to address the issues, whether initially or on de novo review of the bankruptcy court").

Misleadingly, the Debtors oppose permissive withdrawal on the ground that they are raising complex contract rejection issues.[13]  That argument is incorrect because the Debtors have not filed a single rejection motion, *see* Injunction Motion, 2:7-8, and they concede it is "entirely possible that the Debtors ultimately decide to reject none . . . of their PPAs," *id.* at 9:9-10.  Thus, this Adversary Proceeding is not about whether the Debtors can reject any one power contract.  Instead, it is about which body of law (the FPA or the Bankruptcy Code) should apply *if* the Debtors bring a rejection motion.  *See* Rehearing Request, at 4 ("Although the Commission's Order in this proceeding purports to 'give effect' to the Bankruptcy Code, it does no such thing. If sustained, the principle of concurrent jurisdiction announced in the Order would destroy the debtor's right to reject executory contracts and override the process Congress created for exercising that right.").  As discussed above, no court could answer that question without analyzing the FPA and Bankruptcy Code together or deciding that the Debtors must follow the FPA's exclusive appellate procedures for challenging an existing FERC order.

*[Remainder of page intentionally left blank.]*

---

[13]  On that point, the Debtors cite *In re Gen. Teamsters Warehousemen & Helpers Union Local 890*, 1994 WL 665288, at *5 (N.D. Cal. Nov. 8, 1994), for the proposition that withdrawal is routinely denied for core proceedings.  But that case involved a motion to withdraw proceedings regarding confirmation of the debtor's *filed* plan of reorganization, not regarding *hypothetical* contract rejections.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should withdraw the reference.

February 26, 2019                          */s/ Mark McKane*
                                          Mark McKane, P.C. (SBN 230552)
                                          Michael P. Esser (SBN 268634)
                                          KIRKLAND & ELLIS LLP
                                          555 California Street
                                          San Francisco, California 94104
                                          Telephone:  415-439-1400
                                          mark.mckane@kirkland.com
                                          michael.esser@kirkland.com
                                          -and-
                                          David R. Seligman, P.C. (Admitted *pro hac vice*)
                                          KIRKLAND & ELLIS LLP
                                          300 North LaSalle Street
                                          Chicago, Illinois 60654
                                          Telephone:  312-862-2000
                                          david.seligman@kirkland.com

                                          *Attorneys for Intervenor-Defendant Calpine Corporation*

                                          Kenneth N. Klee
                                          David M. Stern
                                          Samuel M. Kidder
                                          KLEE, TUCHIN, BOGDANOFF & STERN LLP
                                          -and-
                                          Howard Seife (admitted *pro hac vice*)
                                          Christy Rivera
                                          Andrew Rosenblatt
                                          NORTON ROSE FULBRIGHT US LLP
                                          1301 Avenue of the Americas
                                          New York, New York 10019
                                          Telephone:      212-408-5100
                                          Facsimile:      212-541-5369
                                          howard.seife@nortonrosefulbright.com
                                          christy.rivera@nortonrosefulbright.com
                                          andrew.rosenblatt@nortonrosefulbright.com

                                          *Attorneys for NextEra Energy, Inc. et al.*

1

2                         -and-

                         TROUTMAN SANDERS LLP

Gabriel Ozel, Bar No. 269098

11682 El Camino Real, Suite 400

San Diego, CA 92130-2092

Telephone:  858-509-6000

Facsimile:   858-509-6040

gabriel.ozel@troutman.com

-and-

TROUTMAN SANDERS LLP

Hugh M. McDonald (admitted *pro hac vice*)

Jonathan D. Forstot (admitted *pro hac vice*)

875 Third Avenue

New York, NY  10022

Telephone:     212.704.6000

Facsimile:      212.704.6288

hugh.mcdonald@troutman.com

*Attorneys for Consolidated Edison Development, Inc.*


-and-

Risa Lynn Wolf-Smith

HOLLAND & HART LLP

555 17th Street, Suite 3200

Denver, Colorado 80202

Telephone:  303-295-8011

RWolf@hollandhart.com

*Attorney for Diablo Winds, LLC*


-and-

Richard W. Esterkin (SBN 70769)

MORGAN, LEWIS & BOCKIUS LLP

300 South Grand Avenue, Floor 22

Los Angeles, California  90071-3132

Telephone: 213-612-2500

richard.esterkin@morganlewis.com

-and-

Edwin E. Smith

MORGAN, LEWIS & BOCKIUS LLP

One Federal Street

Boston, Massachusetts 02110-1726

Telephone:  617-951-8615

edwin.smith@morganlewis.com

*Attorneys for Exelon Corporation and AV Solar Ranch 1, LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-and-

Jeffrey C. Krause
Michael A. Rosenthal
Alan Moskowitz
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:  213-229-7000
jkrause@gibsondunn.com
mrosenthal@gibsondunn.com
a.moskowitz@gibsondunn.com

*Attorneys for Topaz Solar Farms LLC*

-and-

Gabriel Ozel (SBN 269098)
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, California  92130-2092
Telephone:  858-509-6000
Gabriel.ozel@troutman.com
-and-
Harris B. Winsberg
Matthew G. Roberts
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308-2216
Telephone:  404-885.3000
matthew.roberts2@troutman.com
harris.winsberg@troutman.com

*Attorneys for Southern Power Company, on Behalf of Itself and Certain of Its Affiliates*

-and-

Joshua Pearson
VP Legal and Associate General Counsel
EDF RENEWABLES, INC.
15445 Innovation Dr.
gego, California 92128
Telephone:  612-486 4508
Joshua.Pearson@edf-re.com

*Attorney for EDF Renewables, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-and-

C. Luckey McDowell
luckey.mcdowell@bakerbotts.com
Ian E. Roberts
ian.roberts@bakerbotts.com
Kevin Chiu
kevin.chiu@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 1000
Dallas, Texas 75201
- and -
Navi S. Dhillon (CA Bar No. 279537)
navi.dhillon@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street, Suite 3600
San Francisco, California 94111

*Attorneys for Clearway Energy, Inc., Clearway Energy Group LLC, MC Shiloh IV Holdings, LLC, NRG Energy, Inc., and TerraForm Power, Inc.*

-and-

Christopher Harris (SBN 187472)
Andrew M. Parlen (SBN 230429)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: 212-906-1200
chistopher.harris@lw.com
andrew.parlen@lw.com
-and-
Amy C. Quartarolo (SBN 222144)
LATHAM & WATKINS LLP
355 S. Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: 213-485-1234
amy.quartarolo@lw.com

*Attorneys for Crockett Cogeneration, Middle River Power, LLC, and MRP San Joaquin Energy, LLC*

-and-

Thomas F. Koegel (SBN 125852)
Rebecca M. Suarez (SBN 284853)
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: 415-986-2800
Facsimile:  415-986-2827
tkoegel@crowell.com
rsuarez@crowell.com

*Attorneys for Vantage Wind Energy LLC and KES Kingsburg, L.P.*

-and-

Amy S. Park (SBN 208204)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: 650-470-4500
Facsimile:  650-470-4570
amy.park@skadden.com
-and-
J. Eric Ivester
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
Telephone: 212-735-3000
Facsimile:  212-735-2000
eric.ivester@skadden.com

*Attorneys for Mojave Solar LLC*

-and-

David B. Levant
Gabrielle Glemann
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, Washington 98101
Telephone:  206-624-0900
Facsimile:   206-386-7500
gabrielle.glemann@stoel.com

*Attorneys for Enel Green Power North America, Inc., FTP Power LLC, and Capital Dynamics, Inc.*

1

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)(3)

2        I, Mark McKane, am the ECF User whose ID and password are being used to file this document.

3    I hereby attest that concurrence in the filing of this document has been obtained from the signatories.

4

5    DATED:  February 26, 2019                                          */s/Mark McKane*
                                                                         Mark McKane

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28