UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PG&E CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> Defendant. | Case No. 19-cv-00599-HSG <br><br> **ORDER DENYING MOTIONS TO WITHDRAW THE REFERENCE** <br><br> Re: Dkt. No. 1 |
| PG&E CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> Defendant. | Case No. 19-cv-00781-HSG <br><br> Re: Dkt. No. 1 |

Pending before the Court are two motions to withdraw the automatic reference to the United States Bankruptcy Court. *See* Case No. 19-cv-00599, Dkt. No. 1-2; Case No. 19-cv-00781, Dkt. No. 1-1. In addition to the parties' papers, Bankruptcy Judge Dennis Montali—from whose court these withdrawals of reference stem—submitted a recommendation regarding the motions, as permitted under Bankruptcy Local Rule 5011-2(b). Dkt. No. 25.[1] After carefully considering the parties' arguments and Judge Montali's recommendation, the Court **DENIES** the motions.

//

---

[1] Docket references are to Case Number 19-cv-00599 unless otherwise indicated.

## I. BACKGROUND

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Case Nos. 19-30088-DM, 19-30089-DM. The same day, Debtors filed an adversary proceeding against the Federal Energy Regulatory Commission ("FERC"), seeking a declaratory judgment to enforce the automatic stay of 11 U.S.C. § 362 and preliminary and permanent injunctive relief. The Debtors did so because immediately before they filed for bankruptcy, FERC issued two decisions that the Debtors now believe conflict with their right to move to assume or reject executory contracts in the bankruptcy cases. Those FERC orders concluded that FERC has "concurrent jurisdiction to review and address the disposition of wholesale power contracts sought to be rejected through bankruptcy." *See, e.g.*, NextEra Order at 14, 166 FERC ¶ 61,049 (2019).

## II. LEGAL STANDARD

District courts have "original but not exclusive jurisdiction" over all bankruptcy proceedings. *See* 28 U.S.C. § 1334(b). Such proceedings fall into one of two categories: "core proceedings, in which the bankruptcy court may enter appropriate orders and judgment," and "non-core proceedings, which the bankruptcy court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court for *de novo* review." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (quoting 28 U.S.C. § 157) (internal quotation marks omitted).

In the Northern District of California, all bankruptcy cases are automatically referred to the bankruptcy court. B.L.R. 5011-1(a) (referring all bankruptcy cases in the Northern District of California to its bankruptcy court); *see also* 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."). On a timely motion, however, any party may seek to withdraw that reference, which is governed by 28 U.S.C. § 157(d). Under Section 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on

2

> timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The statute creates two bases for withdrawal: mandatory and permissive. Under either, "[t]he party seeking withdrawal of the reference bears the burden of showing that the reference should be withdrawn." *In re Heller Ehrman LLP*, 464 B.R. 348, 351–32 (N.D. Cal. 2011) (citing *In re Larry's Apartment, LLC*, 210 B.R. 469, 472 (Bankr. D. Ariz. 1997)).

Withdrawal is mandatory where "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). "Overwhelmingly courts and commentators agree that the mandatory withdrawal provision cannot be given its broadest literal reading, for sending every proceeding that required passing 'consideration' of non-bankruptcy law back to the district court would 'eviscerate much of the work of the bankruptcy courts.'" *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996) (quoting *In re Adelphi Inst., Inc.*, 112 B.R. 534, 536 (S.D.N.Y. 1990). Courts in the Ninth Circuit have concluded that withdrawal is mandatory under Section 157(d) "when [non-title 11] issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *See In re Tamalpais Bancorp*, 451 B.R. 6, 8–9 (N.D. Cal. 2011). Under this approach, the withdrawing party "must do more than merely suggest that novel issues of law could possibly arise in a bankruptcy proceeding." *Id.*

Withdrawal is permissive "for cause shown." 28 U.S.C. § 157(d). In considering whether a party has shown cause to withdraw the reference, "[i]t is within a district court's discretion to grant or deny a motion for permissive withdrawal of reference; that decision will not be disturbed unless the court abuses its discretion." *In re EPD Inv. Co. LLC*, No. cv 13-05536 SJO, 2013 WL 5352953, at *2 (C.D. Cal. Sept. 24, 2013) (citing *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990)).

**III. DISCUSSION**

The Court first finds that mandatory withdrawal is not required. The withdrawing parties contend that withdrawal is mandated because "resolution of the Adversary Proceeding will require

3

substantial and material consideration . . . of non-bankruptcy federal law." *See, e.g.*, Dkt. No. 1-2 at 15. Principally, they argue that the adversary proceeding must resolve:

> (1) whether the exclusive review process set forth in the FPA bars the Debtors from collaterally attacking the FERC Order in the bankruptcy court; (2) whether the bankruptcy court can unilaterally order the rejection of the NextEra PPAs (or other wholesale power contracts subject to FERC's authority) notwithstanding FERC's exclusive jurisdiction over the rates, terms, and conditions for the sale of electricity; and (3) whether and to what extent the standard for rejection should include the consideration of the "public interest," as well as which forum should consider the public interest question.

*Id.* But as Judge Montali notes in his recommendation, the bankruptcy court need not look beyond the Bankruptcy Code to address these questions: "It is my view all that needs to be done is consider the plain language of Section 365 of the Bankruptcy Code. There you will find the answer to the question of whether FERC can decree that 11 U.S.C. § 365 must be construed to permit FERC to second guess the bankruptcy court and impose its own decision on that court." Dkt. No. 25 at 6–7. The Court agrees that resolving these questions will not necessarily involve the substantial and material consideration of non-title 11 law so as to mandate withdrawal. *See In re Tamalpais Bancorp*, 451 B.R. at 8–9.

The Court further finds that permissive withdrawal is not warranted. As Judge Montali's recommendation notes, among other things, "the bankruptcy court has already received Debtors' motion for a Preliminary Injunction; FERC's opposition to that motion; and NextEra and the other interveners' joint opposition." Dkt. No. 25 at 3–4. In short order, the bankruptcy court "will have heard extensive argument and engaged in significant study and preparation for making a ruling," and "[b]y permitting [the bankruptcy court] to do so, [the district court] will avoid the duplication of effort that will be necessary for [it] to prepare for and decide the same issue." *Id.* at 4. With these considerations in mind, the Court finds that the most "efficient use of judicial resources" is to deny the withdrawal of reference and permit the bankruptcy court to rule in the adversary proceeding. *See Sec. Farms*, 124 F.3d at 1008. And given that the bankruptcy court intends to rule on the adversary proceeding in short order, denying the withdrawal requests will not result in undue "delay and costs." *See id.*

//

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the pending motions for withdrawal of the reference. And in light of this order, the Court **DENIES AS MOOT** FERC's motion to expedite consideration of its motion to withdraw the reference. *See* Case No. 19-cv-00781, Dkt. No. 5. The Clerk is directed to terminate the cases.

**IT IS SO ORDERED.**

Dated: 3/11/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge